**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

John C. Stuart,

          Petitioner,

v.

David Shinn, et al.,

          Respondents.

No. CV-19-02540-PHX-GMS

**ORDER**

      Pending before the Court are Petitioner John C. Stuart's ("Petitioner")'s Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) and United States Magistrate Judge Eileen S. Willett's Report and Recommendation ("R&R") recommending that the Court deny the Petition (Doc. 43). Petitioner timely filed an amended objection to the R&R. (Doc. 53.) The Court denies the Petition and adopts the R&R.

## BACKGROUND

      On February 11, 2008, a Maricopa County Grand Jury indicted Petitioner on one count each of second-degree murder and drive-by shooting. Following the subsequent trial (resulting in a mistrial) and retrial, a jury found Petitioner guilty as charged. At the January 3, 2014 sentencing hearing, the trial court sentenced Petitioner to an eighteen-year prison term on the second-degree murder count and a concurrent fourteen-year prison term on the drive-by shooting count. Petitioner timely filed a direct appeal, raising only the issue of admission of impermissible character evidence. On April 28, 2015, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. Petitioner then filed a pro se Petition for Review in the Arizona Supreme Court, which was denied.

On March 7, 2016, Petitioner filed a Notice of Post-Conviction Relief ("PCR"); on August 10, 2016, Petitioner filed a "Corrected Petition for Post-Conviction Relief; Memorandum of Points and Authorities" (the "Corrected PCR Petition"). Following briefing, the trial court dismissed the PCR proceeding. The Arizona Court of Appeals granted Petitioner's request for further review but denied relief. The Arizona Supreme Court denied further review. On October 30, 2018, Petitioner filed a habeas petition in the Arizona Supreme Court. The Arizona Supreme Court summarily dismissed the habeas petition on November 14, 2018. Petitioner then timely initiated this federal habeas proceeding on April 19, 2019 by filing the Petition and accompanying briefing.

On May 7, 2019, the Court screened the Petition and concluded that it contains the following seventeen grounds for habeas relief:

> In Ground One, Petitioner alleges that he is actually innocent. In Ground Two, Petitioner alleges that his speedy trial right and right to self-representation were violated. In Ground Three, Petitioner alleges that his due process and equal protection rights were violated when "the State charged [Petitioner] for events that are not considered criminal under Arizona law…" In Ground Four, Petitioner alleges that Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecution suppressed certain evidence. In Ground Five, Petitioner alleges that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated when the State unreasonably seized and then destroyed certain evidence, and "refused to allow [Petitioner] to continue speaking with his attorney…" In Ground Six, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when the trial court "and other courts" issued "numerous arbitrary and capricious ruling … that always favored the State and prejudice [Petitioner]." In Ground Seven, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecution "withheld information and evidence of the judges' pecuniary gain and conflict of interest relevant to the conviction." In Ground Eight, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court denied payment for a defense forensic expert. In Ground Nine, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the State "refused to charge the kidnappers and the court precluded any and all evidence that [the] kidnapper was under the influence of illicit drugs." In Ground Ten, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when the State "ignored, violated, or circumvented Arizona law to garner the improvident conviction." In Ground Eleven, Petitioner alleges that the cumulative effect of the errors in his grounds for relief violate his First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendment rights. In Ground Twelve, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when the prosecution "misrepresented Arizona law to the jury" and "redacted the jury instruction to comport with [their] misrepresentations…" In Ground Thirteen, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when the trial judge "intentionally misled the jury in

responding to their jury questions…" In Ground Fourteen, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when he was "framed." In Ground Fifteen, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the prosecutor "acted as counsel [for a] state witness…" In Ground Sixteen, Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated when "the State and/or Court suppressed and/or precluded actual facts and laws…" In Ground Seventeen, Petitioner alleges that his right to counsel was denied at various "critical stages" throughout his prosecution.

(Doc. 5 at 1-3).

In her R&R, the Magistrate Judge found Grounds Two through Seventeen to be procedurally defaulted. She further concluded that even if Petitioner's freestanding actual innocence claim in Ground One is cognizable in this proceeding, it is without merit. Finally, she recommended that the Court deny Petitioner's request for an evidentiary hearing. Petitioner objects to each of these recommendations.

## DISCUSSION

### I.     Standard of Review

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R&R. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### II.    Analysis

#### A.     The Magistrate's Findings

The Magistrate Judge found grounds Four, Five, Six, Eight, Nine, Ten, Twelve, Sixteen, and Seventeen and the right to self-representation claim contained in Ground Two

procedurally defaulted. She did so because the state courts denied relief on those claims in Petitioner's Corrected PCR Petition based on an adequate and independent state rule, Arizona Rule of Criminal Procedure 32.2(a)(3), which prohibits a defendant from raising "in a Rule 32 petition any claim that was waived at the trial level or that should have been raised on direct appeal." The Magistrate Judge then found that the speedy trial claim raised in Ground Two and the claims raised in Grounds Three, Seven, Eleven, Thirteen, Fourteen, and Fifteen were procedurally defaulted because those claims were unexhausted, and if Petitioner returned to state court to present them in a second PCR Petition, that petition would be untimely. The Magistrate Judge found that Petitioner did not fairly present Grounds Three, Thirteen, and Fifteen in his state court direct appeal and PCR proceedings. She also found that Petitioner did not fairly present Grounds Seven, Eleven, and Fourteen to the trial court in his PCR proceeding, and that his presentation of Grounds Seven, Eleven, and Fourteen to the Arizona Supreme Court in his habeas petition did not render the claims exhausted. The Magistrate Judge recommended that none of these procedural defaults be excused because Petitioner did not establish cause for the default and the *Schlup*[1] gateway/miscarriage of justice exception did not apply.

The Magistrate Judge then addressed Petitioner's actual innocence claims. In its Screening Order, this Court found that Ground One presented a claim alleging that Petitioner is actually innocent. Operating under the assumption that Petitioner's freestanding actual innocence claim was cognizable in a federal habeas proceeding, the Magistrate found that Petitioner had not met the "extraordinarily high" threshold of "affirmatively prov[ing] that he is actually innocent." *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (en banc). Moreover, the Magistrate Judge recommended that, to the extent Petitioner intended to raise freestanding innocence claims when he alleged that he was "factually innocent" and was "framed" by the State in his other seventeen grounds, the Court dismiss those claims.

Finally, as to Petitioner's request for an evidentiary hearing, the Magistrate Judge

---

[1] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

found that the record was adequately developed and recommended that the Court deny Petitioner's request. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (finding "a district court is not obligated to hold evidentiary hearings to further develop the factual record" when the record is "amply developed" and explaining that "[d]istrict courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful").

### B.    Petitioner's Objections

With respect to the unexhausted claims, Petitioner argues that the Magistrate Judge ruled in Respondents' favor because Respondents "fallacious[ly] claim[ed] . . . that Petitioner did not file an Arizona Supreme Court Habeas petition." (Doc. 53 at 4.) Petitioner further asserts that "an Arizona Supreme Court Habeas petition is sufficient to defeat default claims." (Doc. 53 at 8.) There is no dispute that Petitioner filed a habeas petition with the Arizona Supreme Court. Instead, the Magistrate Judge found that the unexhausted claims were not fairly presented in the stages preceding their presentation to the Arizona Supreme Court. As the case cited by Petitioner states, "[a] petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). In fact, Petitioner's unexhausted claims were not fairly presented to the appropriate state court, as "[p]resentation of a [new] claim by a habeas corpus petition directed to the Arizona Supreme Court does not exhaust state remedies for federal habeas purposes." *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997), *certified question answered*, 192 Ariz. 131, 962 P.2d 205 (1998).

The rest of Petitioner's Objection focuses on his actual innocence and his request for an evidentiary hearing. Petitioner argues his "actual innocence" can overcome any "AEDPA issues" he might have. (Doc. 53 at 9.) He also asserts that because he has not been given an evidentiary hearing, any claims of procedural default are defeated, and that he is entitled to an evidentiary hearing because he has "show[n] cause for his failure to

develop the facts in state-court proceedings and actual prejudice resulting from that failure." *Banks v. Dretke*, 540 U.S. 668, 690–91 (2004).

Petitioner's "actual innocence" can overcome the procedural default of his claims if he establishes that his case is "extraordinary" and that "the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. In his Objection, Petitioner accuses the State of egregious misconduct, including "destroying almost 200 pieces of exculpatory evidence; both the trial judge and prosecutor being patently disingenuous to the jury about laws, facts, etc," "the State suppressing and the trial court precluding literally ALL impeachment evidence relevant to the State's case," and the State withholding DNA test results that will "fully exonerate" Petitioner. (Doc. 53 at 9–10.) These allegations do not meet the "new" and "reliable" standard under *Schlup*, either because they were presented at the trial level or because they are too speculative. *See Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("[W]e have denied access to the *Schlup* gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt.")

As to Petitioner's request for an evidentiary hearing, such a hearing is not required because the issues Petitioner raises "can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Moreover, even if, as Petitioner suggests, the record below was not sufficiently developed, Petitioner has not "show[n] cause for his failure to develop the facts in state-court proceedings." *Banks*, 540 U.S. at 690.

## CONCLUSION

Having reviewed the record de novo, the Court adopts the R&R and denies and dismisses the Petition with prejudice.

/ / /

**IT IS HEREBY ORDERED** that Magistrate Judge Willett's R&R (Doc. 43) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 26th day of June, 2020.

G. Murray Snow
Chief United States District Judge